USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/26/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EVELYN GAVIRIA,

                                        Plaintiff,                          **OPINION AND ORDER**

                    -against-                                              **17-CV-6502 (KHP)**

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,

                                        Defendant.

-------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    Plaintiff Evelyn Gaviria ("Plaintiff"), proceeding *pro se*, commenced this action against

Defendant Commissioner of the Social Security Administration (the "Commissioner"), pursuant

to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking review of the Commissioner's

decision that Plaintiff was not disabled under section 1614(a)(3)(A) of the Act from June 18,

2014, the date her application was filed, through the date of the decision.

    The parties submitted a joint stipulation, in lieu of cross-motions for judgment on the

pleadings (Doc. No. 27), pursuant to this Court's Order at Doc. No. 13.  For the reasons set forth

below, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

### BACKGROUND

*I.        Summary of Claim and Procedural History*

    Plaintiff, who is 47 years of age, worked as a sales representative for a cleaning

company from 2001 to 2002, as a security officer from 2007 to 2009, and briefly as a

registration clerk for a health insurance company.  (Administrative Record ("R.") 158-59, 344.)

She obtained a GED.  (R. 155.)  She has three children: an adult son and daughter and an 11-year-old son.  (R. 128, 523; Doc. No. 27-1.)  On February 9, 2013, Plaintiff slipped and fell down icy stairs, sustaining a number of injuries, including injuries to her right hip, back, and right arm.  (R. 119, 161.)  On June 18, 2014, Plaintiff filed an application for supplemental security income ("SSI"), alleging disability due to injury to her right arm, lower back, left foot, and right hip.  (R. 292, 343.)  The Court assumes knowledge of and does not repeat here all of the stipulated facts concerning Plaintiff's medical treatment.  (*See* Doc. No. 27.)

On August 5, 2014, the Social Security Administration denied Plaintiff's claim.  (R. 179.)  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").  (R. 188-90.)  On June 2, 2016, ALJ Elias Feuer heard certain testimony from Plaintiff and subsequently adjourned the hearing to obtain additional medical evidence.  (R. 152-70.)  On October 18, 2016, after obtaining additional medical records concerning Plaintiff's medical conditions, a second hearing took place before ALJ Feuer, at which Plaintiff was represented by counsel.  (R. 87-148.)  A vocational expert also appeared and testified at the administrative hearing.  (*Id.*)  The ALJ denied Plaintiff's application by written decision dated January 27, 2017.  (R. 36-46.)  The Appeals Council denied Plaintiff's request for review of ALJ Feuer's decision on July 12, 2017, leading to the instant action.  (R. 1-6.)

## II.    *The Commissioner's Decision*

ALJ Feuer determined that Plaintiff had not engaged in substantial gainful activity since June 18, 2014, the date on which her SSI application was filed.  (R. 41.)  He found that Plaintiff had the following severe impairments: tennis elbow and lumbar disc bulges without evidence of nerve root impingement or spinal stenosis.  (*Id.*)  However, the ALJ concluded that Plaintiff

did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").  (*Id.*)  The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that she required a sit/stand option, switching positions as often as every thirty minutes, and was limited to occasional climbing ramps and stairs, stooping, kneeling, crouching, and crawling and, alternatively, could also perform sedentary work.  (R. 42.)  The ALJ determined that Plaintiff was capable of performing past relevant work as a sales representative and registration clerk and that such work does not require the performance of work-related activities precluded by Plaintiff's RFC.  (R. 45.)  Thus, the ALJ found that Plaintiff had not been disabled since June 18, 2014, the date that her SSI application was filed.

## DISCUSSION

### I.  The Applicable Law

#### A.  Judicial Standard of Review of Commissioner's Determination

The court's review of an appeal of a denial of disability benefits is limited to two inquiries.  *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  First, the court must determine whether the Commissioner applied the correct legal principles in reaching a decision.  42 U.S.C. § 405(g); *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999).  Second, the court must decide whether the Commissioner's decision is supported by substantial evidence in the record.  *Id*.  So long as they are supported by substantial evidence in the administrative record, the findings of the ALJ after a hearing as to any facts are conclusive.  42 U.S.C. §§ 405(g), 1383(c)(3).

An ALJ's failure to apply the correct legal standard constitutes reversible error if that failure might have affected the disposition of the case.  *Kohler v. Astrue*, 546 F.3d 260, 265 (2d

Cir. 2008).  This applies to an ALJ's failure to follow an applicable statutory provision, regulation, or Social Security Ruling ("SSR").  *See, e.g.*, *Kohler*, 546 F.3d at 265 (regulation); *Schaal v. Callahan*, 993 F. Supp. 85, 93 (D. Conn. 1997) (SSR).  In such a case, the court may remand the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g), especially if deemed necessary to allow the ALJ to develop a full and fair record to explain his or her reasoning. *Crysler v. Astrue*, 563 F. Supp. 2d 418, 429 (N.D.N.Y 2008).

If the reviewing court is satisfied that the ALJ applied correct legal standards, then the court must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision."  *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (*per curiam*) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)).  Thus, the court does not determine *de novo* whether a claimant is disabled.  *Id.* (citing *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)).  The Supreme Court has defined substantial evidence as requiring "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The substantial evidence standard means once an ALJ finds facts, a reviewing court may reject those facts "only if a reasonable factfinder would have to conclude otherwise."  *Brault*, 683 F.3d at 448 (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994)) (emphasis omitted).

To be supported by substantial evidence, the ALJ's decision must be based on consideration of "all evidence available in [the claimant]'s case record."  42 U.S.C. §§ 423(d)(5)(B), 1382(a)(3)(H)(i).  The Act requires the ALJ to set forth "a discussion of the

evidence" and the "reasons upon which [the decision] is based." 42 U.S.C. § 405(b)(1). While

the ALJ's decision need not "mention[] every item of testimony presented," *Mongeur v.*

*Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (*per curiam*), or "reconcile explicitly every

conflicting shred of medical testimony," *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)

(internal quotation marks omitted), the ALJ may not ignore or mischaracterize evidence of a

person's alleged disability. *See Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 82-84 (2d Cir.

2009) (mischaracterizing evidence); *Kohler*, 546 F.3d at 268-69 (overlooking and

mischaracterizing evidence); *Ruiz v. Barnhart*, No. 01-cv-1120 (DC), 2002 WL 826812, at *6

(S.D.N.Y. May 1, 2002) (ignoring evidence); *see also Zabala*, 595 F.3d at 409 (reconsideration of

improperly excluded treating physician evidence typically requires remand). Eschewing rote

analysis and conclusory explanations, the ALJ must discuss the "the crucial factors in any

determination . . . with sufficient specificity to enable the reviewing court to decide whether

the determination is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d

250, 269 (S.D.N.Y. 2010) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). If the

decision denying benefits applied the correct legal standards and is based on substantial

evidence, the reviewing court must affirm; if not, the court may modify or reverse the decision,

with or without remand. 42 U.S.C. § 405(g).

**B.      *Legal Principles Applicable to the Commissioner's Disability Determination***

Under the Social Security Act, every individual considered to have a "disability" is

entitled to benefits. 42 U.S.C. §§ 423(a)(1), 1382. The Act defines "disability" as an "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant's impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether an individual is entitled to receive SSI disability benefits, the Commissioner is required to conduct the following five-step inquiry:

(1) First, determine whether the claimant is currently engaged in any substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(i).

(2) Second, if not gainfully engaged in any activity, determine whether the claimant has a "severe impairment" that significantly limits his or her ability to do basic work activities. Under the applicable regulations, an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities is considered "severe." 20 C.F.R. § 416.920(a)(4)(ii).

(3) Third, if the claimant has a "severe impairment," determine whether the impairment is one of those listed in Appendix 1 of the regulations – if it is, the Commissioner will presume the claimant to be disabled and the claimant will be eligible for benefits.  20 C.F.R. § 416.920(a)(4)(iii).  At this stage, the Commissioner also must determine the claimant's residual functional capacity ("RFC"); that is, her ability to perform physical and mental work activities on a sustained basis despite her impairments.[1]  20 C.F.R. § 416.920(a)(4)(iv).

---

[1] A claimant's residual functional capacity is "the most [she] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a); *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010); *see also* S.S.R. 96-9P (clarifying that a claimant's residual functional capacity is his maximum ability to perform full-time work on a regular and continuing basis).

(4) Fourth, if the claimant does not meet the criteria for being presumed disabled, the Commissioner next must determine whether the claimant possesses the RFC to perform her past work. *Id.*

(5) Fifth, if the claimant is not capable of performing work she performed in the past, the Commissioner must determine whether the claimant is capable of performing other work. 20 C.F.R. § 416.920(a)(4)(v); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *Gonzalez v. Apfel*, 61 F. Supp. 2d 24, 29 (S.D.N.Y. 1999). The claimant bears the burden at the first four steps. *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). However, at the last step, the Commissioner has the burden of showing that "there is other gainful work in the national economy which the claimant could perform." *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998).

## II.      *Application of the Legal Standards to Plaintiff's Claim*

### A.      *Development of the Record*

In Social Security proceedings, the ALJ must affirmatively develop the record on behalf of all claimants. *See Moran,* 569 F.3d at 108, 112. As part of this duty, the ALJ must investigate the facts and develop the arguments both for and against granting benefits. *Id.* Specifically, under the applicable regulations, the ALJ is required to develop a claimant's complete medical history. *Pratts,* 94 F.3d at 34, 37 (citing 20 C.F.R. §§ 404.1512(d)-(f)). Whether the ALJ has met his duty to develop the record is a threshold question. Thus, before reviewing whether the Commissioner's final decision is supported by substantial evidence under 42 U.S.C. § 405(g),

---

The ALJ's assessment of a claimant's residual functional capacity must be based on "all relevant medical and other evidence," including objective medical evidence, such as x-rays and MRIs, the opinions of treating and consultative physicians, and statements by the claimant and others concerning the claimant's impairments, symptoms, physical limitations, and difficulty performing daily activities. *Genier*, 606 F.3d at 49 (citing 20 C.F.R. § 404.1545(a)(3)).

"the court must first be satisfied that the ALJ provided plaintiff with a full hearing under the Secretary's regulations and also fully and completely developed the administrative record." *Scott v. Astrue,* No. 09-cv-3999 (KAM), 2010 WL 2736879, at *12 (E.D.N.Y. July 9, 2010) (internal quotations and citations omitted). This Court is satisfied that the ALJ provided Plaintiff with a full hearing and also fully and completely developed the administrative record as required by 20 C.F.R. § 404.1512(d).

**B.**    ***Substantial Evidence in Support of Commissioner's Decision***

**1.**    ***Plaintiff's Residual Functional Capacity***

Substantial evidence in the record supports the ALJ's finding that Plaintiff retained the RFC to perform light work except that she required a sit/stand option, switching positions as often as every thirty minutes, and was limited to occasional climbing ramps and stairs, stooping, kneeling, crouching, and crawling. (*See* R. 42.) An RFC of light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and may involve a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. *See* 20 C.F.R. § 416.967(b).

Plaintiff alleges disability due in part to lower back and right hip pain. (R. 343.) A November 2013 MRI of Plaintiff's lumbar spine revealed stable minimal noncompressive disc bulges from L3-L4 through L5-S1, a stable tiny central disc herniation and right paracentral annual tear at L5-S1, stable mild facet arthropathy at every lumbar level, and no evidence of direct nerve root impingement or spinal stenosis. (R. 480, 510.) The 2013 MRI showed no interval change as compared with a prior MRI on March 6, 2007, which was approximately six years before Plaintiff's fall that caused her injuries and alleged pain. (R. 480, 510.) In March

2014, Dr. Christine Sapka, a rehabilitation specialist who saw Plaintiff for low back pain, merely "instructed [Plaintiff] in carrying heavy objects close to body," suggesting that Plaintiff could perform the lifting requirements of light work.  (R. 695.)

In July 2014, Dr. Kevin Sperber reported that Plaintiff's complaints were consistent with chronic thoraco-lumbar myofascial pain and right trochanteric bursitis.  (R. 481.)  During the time period relevant to Plaintiff's claim, her physicians consistently observed that she was in no acute distress.  (R. 481, 484, 565, 568, 579, 611, 619, 921, 981, 1008, 1021, 1066, 1115, 1146, 1229, 1378.)  Additionally, Plaintiff's doctors consistently reported that the straight leg raising testing was negative.  (R. 484, 565, 568, 611, 1378.)  Plaintiff had good (or normal) range of motion of her back.  (R. 620, 625, 694, 1378.)

On November 16, 2015, Dr. Sayed Wahezi noted that Plaintiff's complaints of severe low back pain could not be corroborated based on a physical examination and current radiographic findings.  (R. 614.)  He reported that Plaintiff was advised as to how to perform a home exercise program for her myofascial pain and that she was provided with a topical compound cream.  (R. 614, 620.)  On May 24, 2016, Plaintiff visited Dr. Wahezi to request that he complete disability paperwork.  (R. 628.)  Dr. Wahezi informed Plaintiff that he would not indicate she was disabled based on her current conditions.  (R. 634.)  In August 2016, Dr. Justin Varghese reported that Plaintiff had no point tenderness of her spine.  (R. 1146.)  Notwithstanding these modest findings, giving Plaintiff all benefit of the doubt, the ALJ found that Plaintiff required a sit/stand option, allowing for a change of positions as often as every thirty minutes.  (R. 42.)

Plaintiff additionally alleges disability due to pain in her right arm (R. 343), and a May 2014 MRI showed that Plaintiff had lateral epicondylitis, or "tennis elbow."  (R. 476, 509.)

However, substantial evidence supports the ALJ's finding that Plaintiff's tennis elbow was not disabling or as severe as Plaintiff alleged. In September 2014, Dr. Hejab Imteyaz reported full muscle strength in Plaintiff's arms. (R. 568.) In October 2014, Dr. Monika Desai reported that Plaintiff had full muscle strength (5/5) in her left arm and 4/5 strength in her right arm, which was "limited by pain/poor effort." (R. 571.) On subsequent examinations, she had full muscle strength in her arms. (R. 577, 580, 1378.) In October 2014, EMG studies and nerve conduction studies (NCS) of Plaintiff's right arm were normal. (R. 574, 577, 579.) In November 2014, Dr. Francis Lopez reported that examination of Plaintiff's elbow was normal and wrote, "not impressed by exam." (R. 578.) In January 2015, Dr. Desai reported that Plaintiff's sensation was intact in her arms. (R. 582.)

Treatment notes from Dr. Wahezi in August 2015 did not report that Plaintiff complained of pain in her elbows or arms. (R. 622, 626.) In March 2016, Plaintiff complained to Dr. Varghese that she could not move her right arm because of right elbow pain since the previous day. (R. 1006.) Although Dr. Varghese noted that Plaintiff's right elbow was tender to palpation and on flexion/extension, he found no swelling or erythema. (R. 1008.) In April 2016, orthopedist Dr. Konrad Gruson reported that Plaintiff had full range of motion of her right elbow. (R. 1022.) In May 2016, Dr. Wahezi reported that findings on examination of Plaintiff's hands and arms, including muscle strength, were normal. (R. 632-33.) When Plaintiff returned for a follow-up appointment approximately two weeks later, she stated that she obtained some improvement of her elbow pain with a right forearm brace. (R. 1110.)

Plaintiff additionally alleges disability due to injury to her left foot. (R. 343.) An MRI of Plaintiff's left ankle and foot indicated a ligament sprain and plantar fasciitis. (R. 543.)

Although on occasion Plaintiff had an antalgic gait (R. 481, 507, 565), more recent treatment notes report that her gait was normal. (R. 559, 1021, 1378.) As the ALJ noted, Plaintiff presented with normal findings on foot examination, with tenderness at times. (R. 543, 686-691, 919, 921.)

This Court finds that the foregoing medical evidence constitutes substantial evidence supporting the Commissioner's determination that Plaintiff retained the RFC to perform light work with certain enumerated limitations. *See, e.g.*, *Diaz v. Shalala*, 59 F.3d 307, 315 (2d Cir. 1995) (lack of evidence showing functional limitation constitutes substantial evidence that limitation does not exist).

An RFC determination of light work is further supported by evidence in the record concerning Plaintiff's activities of daily living. During the relevant time period, Plaintiff lived in a second-floor walkup, cared for her son, attended to self-care tasks, cooked, cleaned, shopped, and used public transportation. (R. 322, 324-30.)

In sum, substantial evidence from Plaintiff's physicians as well as Plaintiff's own statements about her activities of daily living support the Commissioner's determination that Plaintiff retained the RFC to perform light work with the enumerated limitations described above.

### 2. Assessment of Plaintiff's Credibility

An ALJ is entitled to find a claimant not credible if her testimony contradicts the record. *Rutkowski v. Astrue*, 368 F. App'x 226, 230 (2d Cir. 2010) (citing *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591-92 (2d Cir. 1984)). Plaintiff alleged that she was disabled because she had to lie down most of the day due to pain (R. 162), she could not perform

security work because it required a lot of walking and moving around (R. 126), she could not perform the job of registration clerk because sitting for too long caused pain (R. 127), she could walk less than one block without stopping and could sit for five to ten minutes before she had to move around (R. 118), her right tennis elbow caused her difficulty with such tasks as using a computer (R. 120), and she had difficulty raising her arm due to neck pain (R. 121). Here, for the same reasons set forth above concerning the ALJ's RFC determination, substantial evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record." (*See* R. 42.)

### 3. *Plaintiff's Ability to Perform Past Relevant Work*

At step four of the Commissioner's analysis, based on vocational expert testimony, the ALJ determined that Plaintiff possessed the RFC to perform her past relevant work as a sales representative or registration clerk. Significantly, the ALJ also made an alternative finding at step five that, even if Plaintiff were limited to an RFC of sedentary work with no overhead reaching, there remained a number of jobs in the national economy that Plaintiff could perform, including jobs as an appointment clerk, receptionist, and insurance benefits clerk. (R. 45-46.) This finding too was based upon vocational expert testimony. Because substantial evidence in the record supports the ALJ's determination that Plaintiff retained the RFC to perform light work with certain limitations, substantial evidence additionally supports Plaintiff's ability to perform a range of sedentary work. *See* 20 C.F.R. § 416.967(b) ("If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.")

## CONCLUSION

For all of the foregoing reasons, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED. The Clerk of Court is respectfully directed to close this case and to mail a copy of this Opinion and Order to the pro se Plaintiff.

**SO ORDERED.**

Dated: February 26, 2019
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge